CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 24 2014

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HEATHER HENDERSON      ) | |
| ) | Civil Action No. 7:14CV00001 |
| Plaintiff,      ) | |
| ) | |
| v.      ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting      ) | |
| Commissioner of Social Security,      ) | By:  Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant.      ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Heather Henderson, was born on July 24, 1981, and eventually reached the twelfth grade in school in a special education program. (TR 36). While Mrs. Henderson has been employed for short periods of time, the Administrative Law Judge determined that she has no past relevant work. (TR 22). On June 15, 2009, plaintiff filed an application for supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on June 15, 2008 due to depression, panic attacks, stomach problems, scoliosis, back

pain, migraines with nausea, and light sensitivity. She now maintains that she has remained disabled to the present time.

Mrs. Henderson's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated July 17, 2012, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mrs. Henderson suffers several severe impairments, including interstitial cystitis, migraine headaches, seizure disorder, hepatitis C, abdominal pain, major depressive disorder, and anxiety disorder. (TR 15). Despite such problems, the Law Judge determined that plaintiff is capable of performing a limited range of light work activity. The Law Judge assessed Mrs. Henderson's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can frequently climb ramps and stairs, and occasionally climb ladders, ropes, or scaffolds. She can frequently balance, kneel, stoop, crouch, and crawl. She is able to fulfill the basic mental demands of competitive, remunerative, unskilled work including the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. She is limited to reading and writing no more than at a sixth grade level.

(TR 17). Given such a residual functional capacity, and after considering plaintiff's age, education, and lack of prior work experience, as well as testimony from a vocational expert, the Law Judge ruled that Mrs. Henderson retains the capacity to perform several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Henderson is not disabled, and that she is not entitled to supplemental security income benefits. See 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision

of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Henderson has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. As noted above, the Administrative Law Judge found that Mrs. Henderson remains capable of performing a limited range of light work activity. In so doing, the Law Judge relied on reports from Dr. Amanda Murchison, plaintiff's treating gynecologist, Dr. Pamela Tessnear, a consultative psychologist, Dr. Lee T. Besen, a family doctor who performed a record review at the behest of the state agency, and record reviews from other, nonexamining state agency physicians. (TR 22). Given plaintiff's combination of exertional and nonexertional impairments, the Law Judge properly determined to receive input from a vocational expert in assessing plaintiff's capacity for specific, light work activities.

In questioning the vocational expert, the Law Judge asked the expert to consider work-related assessments provided by Dr. Tessnear and Dr. Murchison. Dr. Murchison submitted a medical source statement of plaintiff's physical ability for work-related activities on November 1, 2010.

3

According to Dr. Murchison, plaintiff's endometriosis and chronic pelvic pain do not prevent performance of basic work activities. However, Dr. Murchison indicated that these problems would prevent plaintiff from working about twice a month. (TR 1606). In formulating his first hypothetical question for the vocational expert, the Law Judge asked the expert not to consider work absences. (TR 55). In response, and after considering the work-related limitations identified by Dr. Murchison and Dr. Tessnear, the vocational expert identified several light work roles which Mrs. Henderson could be expected to perform. (TR 56-57). However, when asked to consider a second hypothetical which assumed that plaintiff would miss work on a regular basis because of her physical conditions, the vocational expert testified that absenteeism, time off task, and abandoning tasks would not be permitted in the work roles for which the plaintiff is otherwise capable of performing. (TR 57-59).

As suggested above, the Administrative Law Judge ultimately determined that plaintiff can perform the jobs listed by the vocational expert in response to the first hypothetical question. In resolving the conflicts created by the vocational expert's responses to the various hypothetical questions, the Law Judge limited his assessment to the following statement:

> Hypothetical question number one closely resembles the claimant's residual functional capacity, and I assign determinative weight to this conclusion. Other hypothetical questions and alleged limitations posed to the vocational expert are rejected since they are not supported by the substantial evidence in this case. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

(TR 23).

As noted above, the Law Judge specifically determined that Dr. Murchison's clinical findings and assessments should be accorded "some weight." (TR 22). The court notes that, most recently, Mrs. Henderson has received regular gynecological treatment from Dr. Murchison. Dr. Murchison

4

is the only gynecologist who was asked to consider the work attendance problems that might be caused by plaintiff's physical disorder. Perhaps most importantly, the court notes that the real factual conflict existing in this case was created by the Law Judge's positing hypothetical questions which differed only in the inclusion of the element of absenteeism suggested by Dr. Murchison in her work assessment. In such circumstances, the court believes that it was necessary for the Law Judge to give reasons for discounting that portion of Dr. Murchison's report. Stated differently, in the absence of a statement of reasons for determining that Mrs. Henderson retains the capacity to perform work on a regular and sustained basis despite Dr. Murchison's assessment, the court is unable to conclude whether the Commissioner's final decision is supported by substantial evidence.

It is well settled that an Administrative Law Judge must explain the weight given to obviously probative evidence, and that the decision of the Law Judge cannot be deemed to be supported by substantial evidence when there is a failure to explain the basis for the decision. See e.g., Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984); Arnold v. Secretary, 567 F.2d 258, 259 (4th Cir. 1977). In such circumstances, the appropriate course is to remand the case to the Commissioner for a full and complete explanation of the reasons deemed to be in support of the critical factual finding. Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

For the reasons stated, the court finds "good cause" for remand of this case to the Commissioner for further consideration. An appropriate order will be entered this day. Upon remand, both sides will be allowed to present additional evidence and argument.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 24th day of September, 2014.

_____
Chief United States District Judge

Case 7:14-cv-00001-GEC   Document 19   Filed 09/24/14   Page 5 of 5   Pageid#: 2219
5